UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOZORGMEHR S., <br><br>                    Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] <br><br>                    Defendant. | Case No.:  22-cv-1946-DEB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> **[DKT. NO. 18]** |

## I.     INTRODUCTION

Plaintiff Bozorgmehr S. seeks judicial review of the Commissioner of Social Security's denial of his application for disability benefits. Dkt. No. 1.[2] Plaintiff filed a motion for summary judgment, and Defendant filed an opposition. Dkt. Nos. 18, 23.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 18) and **REMANDS** this action for further proceedings consistent with this Order.

---

[1] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

[2] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

1

## II.     PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income alleging disability beginning September 10, 2019. AR 42, 305.[3] The Social Security Administration denied Plaintiff's application initially and on reconsideration. AR 107, 116. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 22–32. The Appeals Council denied Plaintiff's request for review (AR 1–7), and this case followed.

## III.    SUMMARY OF THE ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. 20 C.F.R. § 416.920(a).

At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since September 10, 2019, the application date." AR 24.

At step two, the ALJ found Plaintiff had the following severe impairments: bilateral upper extremity ulnar neuropathy, left greater than right; Dupuytren's contracture of the left hand, and left shoulder cyst; degenerative disc disease of the cervical and lumbar spines with chronic neck and lower back pain; and history of retinal detachment, status-post cataract surgery, with history of herpes simplex keratitis." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1. AR 25.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

---

[3] "AR" refers to the Administrative Record lodged on February 21, 2023. Dkt. No. 11. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF. Plaintiff first alleged a disability beginning on January 1, 2012. AR 247. He later amended the alleged onset date. AR 42, 305.

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can sit 6 hours, and stand and/or walk 6 hours in an 8-hour day; he cannot climb ladders, ropes, or scaffolds, but can occasionally perform all other postural activities. With his non-dominant left upper extremity, he can occasionally push and/or pull; frequently reach at or below shoulder level; he cannot do overhead reaching; and can frequently handle, finger, and feel, but can do no power gripping/grasping. Further, he must also avoid concentrated exposure to extreme cold, wetness, vibration, hazards such as unprotected heights or work around dangerous moving machinery. Lastly, he can frequently do near visual acuity work.

AR 25–26.

At step four, the ALJ found Plaintiff could not perform any past relevant work. AR 29.

At step five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. AR 30–31. The ALJ, therefore, concluded Plaintiff was not under a disability since the application date, September 10, 2019. AR 31–32.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court]

must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Furthermore, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' . . . .") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V.   DISCUSSION

Plaintiff argues the ALJ erred in: (1) formulating his RFC; (2) discounting Dr. Andrew Brown's medical opinion; and (3) discounting his subjective symptom testimony. Dkt. No. 18 at 8–15. The Court finds the ALJ erred in formulating the RFC and, therefore, remands without reaching Plaintiff's other arguments.

### A.   The ALJ's Formulation of the RFC

Plaintiff argues the RFC finding that he "can frequently do near visual acuity work" is not supported by substantial evidence. Dkt. No. 18 at 11–12. The Court agrees.

The RFC is "the most [the plaintiff] can still do despite [his] limitations" and is based on all relevant evidence in the record rather than a single medical opinion or piece of evidence. 20 C.F.R. § 416.945(a). The RFC must be supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination of [the] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence."). "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102–03 (9th Cir. 1999) (finding error where "[t]here is no medical evidence to support the ALJ's finding that [the claimant] could work through an eight hour workday with breaks every two hours").

The ALJ found Plaintiff had the following vision-related severe impairments: retinal detachment (status-post cataract surgery) and herpes simplex keratitis. AR 24. Despite this, the ALJ's RFC stated Plaintiff "can frequently do near visual acuity work." AR 25–26.

The medical record, however, lacks substantial evidence establishing Plaintiff is capable of work requiring frequent visual acuity.[4] The only records that arguably support this finding pre-date the September 10, 2019 alleged onset of Plaintiff's disability. *See* AR 349 (April 2, 2018 report that Plaintiff's "vision [was] good"), 347 (August 6, 2018 report that Plaintiff was "seeing well"). However, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

By contrast, the only post-onset evidence in the record calls Plaintiff's near vision acuity into question. In a November 21, 2019 diabetic eye examination, Dr. Michael S. Kim noted Plaintiff's report of decreased vision and two (unspecified) abnormal findings. AR 472, 477.[5] In his November 6, 2019 vision report, Plaintiff stated, "I cannot focus on written materials for more than a few minutes at a time . . . ." AR 266. In a post-script to his November 6, 2019 Exertional Activities Questionnaire, Plaintiff noted, "It took me several hours to answer these questions due to problem[s] with focusing on the computer screen due to [a] large amount of floaters." AR 262. And, at the February 23, 2021 ALJ hearing, Plaintiff testified, "I could not work anymore because of my eyes because I've

---

[4] Social Security Rule 83-10 defines "frequent" (as it relates to a person's ability to perform work) to mean "occurring from one-third to two-thirds of the time." Program Policy Statement, Titles II & XVI: Determining Capability to Do Other Work—The Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251, at *6. "Occasionally" means "occurring from very little up to one-third of the time." *Id.* at *5.

[5] The ALJ's decision cites Dr. Kim's finding that Plaintiff's corrected vision is 20/40 in the right eye and 20/60 in the left. AR 27. The decision does not explain, however, how this translates to an ability to perform frequent near vision acuity. *See Walker v. Comm'r of Soc. Sec.*, No. 2:22-cv-1871-EJY, 2024 WL 64784, at *4 (D. Nev. Jan. 4, 2024) ("The ALJ . . . failed to 'build an accurate and logical bridge' from the evidence to his conclusions, and failed to 'provide sufficient reasoning that allows [for] review.'") (alteration in original) (citation omitted); *accord Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

had herpes simplex for about 40 years and a lot of damage to the eyes," (AR 58) and "due to the scars on the cornea, I'm not able to focus on anything near for more than a few seconds" (AR 60).

Following Plaintiff's hearing testimony, the ALJ posed a hypothetical to the vocational expert ("VE") that assumed Plaintiff could perform only "occasional near visual acuity work." AR 66. The VE responded that limitation precluded the jobs under consideration. AR 67 ("near acuity for [the identified] jobs are going to be frequent"). The ALJ then changed the hypothetical to assume Plaintiff "can frequently do near visual acuity work." *Id.* Based on that new hypothetical, the VE opined Plaintiff could perform the identified jobs. AR 73–74.

The ALJ's decision, however, does not cite substantial post-onset evidence establishing Plaintiff is capable of frequent near visual acuity. Although the ALJ stated at the hearing that "visual limitations are not well-documented in the last couple of years" (AR 67), the converse is also true: Plaintiff's ability to perform frequent near visual acuity work also is not well-documented. The record lacks substantial evidence establishing Plaintiff "can frequently do near visual acuity work." *See Robbins*, 466 F.3d at 886 ("[I]n hypotheticals posed to a vocational expert, the ALJ must include only those limitations supported by substantial evidence."); *Jenkins v. Saul*, No. 18 C 7031, 2020 WL 7771142, at *10 (N.D. Ill. Dec. 29, 2020) (finding error where the ALJ failed to build "an adequate and logical bridge to the conclusion that Plaintiff can use frequent near visual acuity in the workplace. The ALJ's failure to explain why limiting Plaintiff to occasional or rare acuity would not better accommodate her symptoms only adds to the problem.").

### B. <u>Harmful Error</u>

The Court next considers whether the unsupported limitation in the RFC is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and the Court "can

confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56.

The ALJ's error in formulating Plaintiff's RFC is not harmless because it affected the step four and five analyses, where "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill*, 698 F.3d at 1161. The VE testified Plaintiff could not perform work that exists in significant numbers in the national economy based on the ALJ's "hypothetical 2," where Plaintiff was limited to "occasional near visual acuity work." AR 65–67. The ALJ then posed "hypothetical 3" that assumed Plaintiff could "frequently do near visual acuity work." AR 67. Based on that new hypothetical, the VE opined Plaintiff could work a composite job as a network control operator. AR 69. The ALJ adopted the vocational expert's opinion and concluded Plaintiff was not disabled. AR 31–32. Thus, because the VE's opinion turned on Plaintiff's ability to frequently perform near vision acuity, the ALJ's error in formulating Plaintiff's RFC was not "inconsequential to the ultimate nondisability determination." *Stout*, 454 F.3d at 1055; *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value.") (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

C.     **Remanding for Further Proceedings**

Plaintiff requests the decision of the ALJ be vacated and the case be remanded for further proceedings. Dkt. No. 18 at 16. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (alteration in original) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Because a properly formulated RFC might support a conclusion that Plaintiff was not disabled, a remand for further proceedings is appropriate. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir.

2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved).

### VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 18) and **REMANDS** this action for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: March 27, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge